U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

APR 2 5 2013

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANNY R. HEIRD                                                                PLAINTIFF

VS.                      CASE NO. 2013-6043-SOH

UNITED STATES OF AMERICA                                          DEFENDANT

## COMPLAINT AT LAW

**COMES NOW**, the Plaintiff, Danny R. Heird, by and through his attorneys, Hurst, Morrissey & Hurst, P.L.L.C., through Q. Byrum Hurst, and for his Complaint at Law against the Defendant, United States of America, herein states and alleges:

1. This is a claim for personal injury and related damages due to negligence under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

2. This Court has jurisdiction under 28 U.S.C. § 1346(b).

3. The Plaintiff's claim arises from acts and omissions that occurred in Pulaski County, Arkansas and Garland County, Arkansas at the Veterans Administration at the Little Rock Veterans Administration Medical Center, operated and managed by the Veterans Health Administration.

4. At all times relevant hereto, the Plaintiff, Danny Heird, was a resident and citizen of Garland County, Hot Springs, Arkansas.

5. That Garland County is located in the Western District of Arkansas, Hot Springs Division.

6. That the Defendant owns, operates, and maintains a Veterans Administration Medical Center in Pulaski County, Arkansas through the Veterans Health Administration, a branch of the Department of Veterans Affairs, a federal agency, and the Veterans Health Administration employees.

7. With respect to Plaintiff's claim, Defendant's agents, servants, and employees were at all material times acting within the scope of their office or employment under circumstances where Defendant, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Arkansas.

## COMPLIANCE WITH STATUTORY PREREQUISITES

8. Plaintiff has complied with all statutory prerequisites for filing this claim. Plaintiff made his claim in writing to the Department of Veterans Affairs, Little Rock, Office of Regional Counsel, 2200 Ft. Roots Drive, N. Little Rock, Arkansas 72114 on October 12, 2011, for the amount sought herein on account of the acts and omissions alleged herein and received a letter denying the Plaintiff's claim. Plaintiff then made his Request for Reconsideration in writing in April of 2012 to the Department of Veterans Affairs, General Counsel, 810 Vermont Avenue, N.W., Washington, D.C. 20420 and received a letter by Certified Mail dated December 19, 2012 denying the Plaintiff's claim. A copy of that letter is attached hereto as Exhibit A and incorporated herein by reference as if set out word for word. A copy of the original claim form and letter of

acknowledgement of receipt of request for reconsideration are attached hereto as Exhibits B and C respectively.

## FACTS

9. That on or about September 1, 2011, Danny Heird presented himself to the Veterans Administration Medical Center in North Little Rock, Arkansas, as he had previously been determined to have a sixty percent disability that was service connected. He was to have a cardiology appointment with Dr. Agrawal as he had been having shortness of breath.

10. That Danny Heird was then advised that Dr. Mayank Agrawal ordered a stress test.

11. That on September 23, 2011, Danny Heird returned for the results of the stress test and was informed that he had reversible ischemia, a term that is generally used to indicate an intervention before an event such as a heart attack occurs. This condition is usually treated by a stint or by-pass depending on the severity and the vessels involved.

12. That instead of normal procedures, Dr. Agrawal ordered a lung function test, which appeared to be normal. Dr. Agrawal advised the Plaintiff to "return in one year unless something happens".

13. The Plaintiff continued to have shortness of breath and swelling in his legs. The Plaintiff called the cardiology department of the Veterans Administration and was told that he could not be seen as he would have to have a consult through a primary care physician

because he was not scheduled to see a Veteran's Administration Doctor for a period of one year.

14. The Plaintiff contacted a primary care physician for an appointment and eventually took the stress test results to Dr. Fredrick Heinemann, a cardiologist in Hot Springs, Arkansas.

15. That Dr. Heinemann ordered a catheterization and determined from the reports that there was a ninety-five percent (95%) blocked artery. Dr. Heinemann stinted the artery.

16. The Plaintiff was forced to receive primary care at the Hot Springs CBOC instead of Little Rock or North Little Rock due to travel.

17. The Plaintiff submits that this is not consistent care for diabetes or any other health care needs and that every time he would get a primary care physician his treatment through the Veteran's Administration would be changed. That Danny Heird was required to undergo emergency treatment due to the cardio pulmonary condition that he had and diabetes. All of which was known by the Veteran's Administration, but improperly treated.

18. That Dr. Agrawal was an employee of the Veteran's Administration and his negligence is imputed to the Defendant.

## **NEGLIGENCE**

19. That the Veteran's Health Administration failed to apply with reasonable care, the degree of skill and learning ordinarily possessed and used by members of its profession in good standing

engaged in the same type of medical services in the same locality in which he practices, or a similar locality.

20. That the above-described occurrence was proximately caused by the negligence of the Defendant, said negligence being:

    (a) Failure to use proper diagnostic test and tools;

    (b) Failure to properly read and determine the diagnostic test that were performed;

    (c) Failure to properly document and record the procedures that he performed;

    (d) Performing a lung function test as opposed to catheterization;

    (e) Failure to properly manage the Plaintiff's health care needs and in timely intervals;

    (f) Failure to prescribe medication in a timely manner that are needed to control the Plaintiff's health issues;

    (g) Failure to diagnose the medical cause of the Plaintiff's shortness of breath;

    (h) Failure to prescribe proper medications to improve the Plaintiff's health and to prevent deterioration of Plaintiff's health issues;

    (i) Failing to diagnose Plaintiff's diabetes condition in timely manner.

21. That as a proximate result of the negligence of the Defendant, Danny Heird, has incurred severe injury, which has resulted in

medical bills in the past and medical bills in the future; scarring and disfigurement, permanent injury, pain and suffering in the past and pain and suffering in the future, and he is entitled to damages against the Defendant in the amount of Five Hundred Thousand Dollars and 00/100 ($500,000.00).

**WHEREFORE**, premises considered, the Plaintiff, Danny R. Heird, prays for damages against the Defendant, the United States of America, for compensatory damages in the amount of Five Hundred Thousand Dollars and 00/100 ($500,000.00); and for his costs and expenses incurred herein; and for all other just and proper relief to which this Court may find him entitled.

Respectfully submitted,

Danny R. Heird, Plaintiff

By: _____
Q. Byrum Hurst
Arkansas Bar No. 74082
Hurst, Morrissey & Hurst, PLLC
518 Ouachita Avenue
Hot Springs, Arkansas 71901
(501) 623-2565 Telephone
(501) 623-9391 Facsimile
Email: qbh@hmandhlaw.com

### VERIFICATION

STATE OF ARKANSAS   )
                    )§
COUNTY OF GARLAND   )

I, DANNY R. HEIRD, do hereby state upon oath that I am the person in the above styled cause of action and that the statements set forth in the above and foregoing Complaint are true and correct to the best of my knowledge and belief.

_____
DANNY R. HEIRD

## ACKNOWLEDGEMENT

STATE OF ARKANSAS )
)§
COUNTY OF GARLAND )

    I hereby certify that on this day before me personally appeared DANNY R. HEIRD to me well known to be the persons described in and who executed the foregoing instrument and duly acknowledged before me that he executed the same for the purposes therein expressed.

    IN WITNESS WHEREOF, I hereunto set my hand and affix my official seal this 3rd day of April, 2013.

MY COMMISSION EXPIRES: _____
                                                   NOTARY PUBLIC

LINDA M. GRAVES
NOTARY PUBLIC-STATE OF ARKANSAS
GARLAND COUNTY
My Commission Expires 10-25-2014