IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANNY R. HEIRD                                                                                    PLAINTIFF

v.                                          Case No. 6:13-cv-6043

UNITED STATES OF AMERICA                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant, the United States of America's, Motion for Summary Judgment. (ECF No. 28). Plaintiff, proceeding pro se, has filed a response. (ECF No. 31). Defendant has filed a reply. (ECF No. 32). The Court finds that this matter is ripe for consideration.

## BACKGROUND

This case arises out of an alleged medical malpractice action. On September 1, 2011, Plaintiff presented himself to Dr. Agrawal, an employee of the Veterans Affairs Medical Center in Little Rock, Arkansas. Plaintiff had been having shortness of breath, and Dr. Agrawal ordered that testing be performed on Plaintiff. On September 23, 2011, Plaintiff returned to the medical center for the test results and was informed that he had reversible ischemia[1]. Plaintiff underwent further testing that day, and the results appeared normal. Plaintiff was advised to return in one year, unless he experienced any other major health or heart problems. Days after his appointment on September 23, 2011, as a result of continued shortness of breath and leg swelling, Plaintiff called the cardiology department of the Veterans Affairs Medical Center. Plaintiff was told that he could not be seen because he was not due for another cardiology appointment for another year. On September 28, 2011, Plaintiff took the test results from the Veterans Affairs Medical Center to Dr. Fredrick

---

[1] Myocardial ischemia occurs when blood flow to someone's heart is reduced, preventing it from receiving enough oxygen, usually as a result of a partial or complete blockage of the heart's arteries. Mayo Clinic, http://www.mayoclinic.org/diseases-conditions/myocardial-ischemia/basis/definition/con-20035096 (last visited February 24, 2016).

Heinemann, a cardiologist in Hot Springs, Arkansas. Dr. Heinemann performed a catheterization and determined that there was an artery in Plaintiff's heart that was ninety-five percent blocked. That same day, Dr. Heinemann put a stint in the artery.

On October 11, 2011, Plaintiff attempted to file an administrative tort claim for damages with the Department of Veterans Affairs, alleging that Dr. Agrawal and the Department of Veterans Affairs were negligent in the handling of his medical treatment. This claim, and the subsequent appeal, were denied by the Department of Veterans Affairs. On April 25, 2013, this lawsuit was filed against Defendant, the United States of America, alleging the same negligence cause of action. Plaintiff alleges that Defendant's negligence caused severe injury that has resulted in past and future medical bills, scarring, disfigurement, permanent injury, and pain and suffering. Defendant has filed the present Motion for Summary Judgment, arguing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995). This is a "threshold inquiry of ... whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is

material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 47 U.S. at 249. A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials ... but must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 256.

**DISCUSSION**

Plaintiff claims that he suffered injury as the proximate result of improper medical care provided by the United States through the Department of Veterans Affairs. Specifically, Plaintiff alleges a failure to properly diagnose his condition, failure to properly manage his healthcare needs, and failure to prescribe medications. Defendant argues that, without expert testimony to support these allegations as required by Arkansas law, Plaintiff's claim fails to set forth a viable cause of action.

Under the Federal Tort Claims Act, the law applicable in this case is the substantive law "in

accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Here, the alleged conduct happened in Little Rock, Arkansas. Under the requirements of Ark. Code Ann. § 16-114-206(a), the plaintiff in a medical malpractice action in Arkansas must prove "the applicable standard of care; that the medical provider failed to act in accordance with that standard; and that such failure was a proximate cause of the plaintiff's injuries." *Ford v. St. Paul Fire & Marine Ins. Co.*, 339 Ark. 434, 437, 5 S.W.3d 460, 462 (1999).

Actions for medical malpractice "are dependent on expert testimony" where the plaintiff's claims are "based on allegations of a failure to provide needed medical care and attention or timely diagnosis of medical problems." *Spring Creek Living Ctr. v. Sarrett*, 319 Ark. 259, 262, 890 S.W.2d 598, 600 (1995). Further, a "plaintiff must have expert testimony" in order to prove that a "medical care provider failed to act in accordance with the degree of skill and learning possessed by other members of the profession in good standing." *Bailey v. Rose Care Ctr.*, 307 Ark. 14, 18, 817 S.W.2d 412, 414 (1991). In applying this standard, the Arkansas Supreme Court has held that expert testimony is not required when the asserted negligence lies within the comprehension of a jury of laymen, such as a surgeon's failure to sterilize his instruments. *Haase v. Starnes*, 323 Ark. 263, 269, 915 S.W.2d 675, 678 (1996). When the applicable standard of care is not a matter of common knowledge, the jury must have the assistance of expert witnesses to determine the issue of negligence. *Id.*

Plaintiff argues that Dr. Agrawal, his doctor at the Veterans Affairs Medical Center, should have done more to help him. He has failed to present any evidence, expert or otherwise, to show any breach of any legal standard of care. Dr. Heinemann, his treating physician, testified in his deposition that Plaintiff's treatment decisions were based on many factors. Dr. Heinemann further

testified that, in his professional opinion, Dr. Agrawal was proper with his actions. The fact that Plaintiff eventually received treatment from Dr. Heinemann soon after being seen by Dr. Agrawal does not mean that Dr. Agrawal breached the requisite standard of care that should be exercised by cardiologists in Little Rock, Arkansas. To decide whether Dr. Agrawal was negligent, a jury must have a knowledge of cardiology and the methods of treating heart disease. As a result, expert testimony is needed in this case to show any negligence and to help a jury reach a decision. Plaintiff has presented no such testimony. Because an expert would be needed in this case to determine any negligence, and no expert testimony was provided by Plaintiff, Defendants are entitled to summary judgment as a matter of law. *See Robson v. Tinnin*, 322 Ark. 605, 612, 911 S.W.2d 246, 250 (1995).

For the reasons stated above, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 28) should be and hereby is **GRANTED**. Plaintiff's case is hereby **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED, this 7th day of March, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge